In the Matter of the Estate of EDWARD WALTON, Deceased.

Surrogate's Court, Kings County, December 28, 1950.

*August Zolotorofe* for Stella Walton, petitioner.

*Fred J. Mancuso* for Elizabeth M. Walton, respondent.

*Alfred C. McKenzie,* special guardian for Edward Walton, an infant, respondent.

RICHARDSON, S. The petitioner herein seeks the revocation of letters of administration issued to the respondent on the ground that the latter was appointed administratrix by reason of the misrepresentation of a material fact in her petition therefor, to wit, that she was the widow of decedent. The child named in the petition as a son of decedent has been made a party to the proceeding and is represented by a special guardian appointed to protect his interests, and the determination made herein will be binding upon him as well as upon the petitioner and respondent.

The proof offered on the trial of the issues establishes that respondent and decedent were married ceremonially in Greenwich, Connecticut, on July 28, 1947, and that the child, represented by the special guardian herein, was born of that union. Such marriage is attacked as invalid on the ground that respondent then had another husband living from whom she had not been validly divorced.

It appears that respondent had been previously married in this State, and, while she and her husband by such marriage were residents of the State of New York, she procured a "mail-order" Mexican divorce from him, neither party to such action being within the jurisdiction of the Mexican court. The dissolution of the marriage thus obtained is not recognized in this State (*Caldwell* v. *Caldwell*, 298 N. Y. 146; *Matter of Shuff*, 151 Misc. 754; *Matter of Flannagan*, 51 N. Y. S. 2d 369).

Thereafter respondent's first husband obtained a decree of divorce from her in the Supreme Court, Queens County, State of New York. The decree in such action was subsequent to respondent's marriage to decedent and did not validate the later marriage (*Anonymous* v. *Anonymous*, 174 Misc. 906, 913, 914; *Caldwell* v. *Caldwell, supra*).

The court, therefore, finds on all the proof that respondent was never validly married to decedent and that the child born of such marriage is not the lawful issue of decedent.

The prayer of the petition is, therefore, granted and the letters of administration heretofore issued to respondent will be revoked.

Submit decree, on notice, accordingly.